**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

IAN WILLIAMS,

Plaintiff,

v.

Case No. 2:25-cv-2584-MSN-cgc
JURY DEMAND

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS**

---

Before the Court is the Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss (ECF No. 33, "Report") entered October 9, 2026. The Report recommends that Defendant Experian Information Solution's, Inc's ("Experian") Motion to Dismiss (ECF No. 24) be granted.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de*

*novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

The Report was entered on October 9, 2026 (ECF No. 33.) The Report notified the parties that they had 14 days in which to file written objections to the proposed findings and recommendations. The Report warned that failure to file objections within the 14 days may constitute a waiver/forfeiture of objections, exceptions, and further appeal. The 14-day period for filing objections has expired and, to date, neither party has filed objections to the Report. The Court has reviewed the Report for clear error and finds none.

The Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss (ECF No. 33) is **ADOPTED** in its entirety. Accordingly, Defendant's Motion to Dismiss (ECF No. 24) is **GRANTED**.

**IT IS SO ORDERED**, this 19th day of November, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE